

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00083-CR

---

BERNHARDT TIEDE, II, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 1997-C-103

---

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

At the time the notice of appeal in this matter was filed, Appellant Bernhardt Tiede, II, had retained Mike DeGeurin to act as his legal representative in this matter. Consequently, DeGeurin was designated as Tiede's lead appellate counsel. Currently pending before this Court is a motion to substitute counsel filed by Attorney Jonathan Landers and agreed to by DeGeurin. Landers represents in the motion that he has now been retained to represent Tiede and asks this Court to allow him to substitute for DeGeurin as counsel of record for Tiede on appeal. For the reasons set forth below, we have considered and granted Landers' motion seeking to substitute as counsel of record in this matter.

When an appellant who is represented on appeal by retained counsel later retains other counsel, Rule 6.5(d) of the Texas Rules of Appellate Procedure establishes the proper procedure for accomplishing the withdrawal and substitution. TEX. R. APP. P. 6.5(d). Under Rule 6.5, counsel of record—DeGeurin in this case—is required to file a motion to withdraw before newly retained counsel may be substituted. *Id.* The actions taken for the purpose of substituting Landers for DeGeurin as appellate counsel of record for Tiede fail to satisfy the procedural requirements established by Rule 6.5.

However, as aptly noted by the Seventh Court of Appeals, "[t]he purpose of Rule 6.5 is to insure that a party not be unwittingly left unrepresented before an appellate court." *Medlock v. State*, No. 07-15-00359-CR, 2015 WL 6939196 (Tex. App.—Amarillo Nov. 9, 2015, no pet.) (discussing procedure established by Rule 6.5 of the Texas Rules of Appellate Procedure for withdrawing and substituting counsel on appeal). In light of the purpose behind Rule 6.5, we have

2

reviewed the circumstances as represented in Landers' motion to substitute counsel and are comfortable that Tiede has received the protections that Rule 6.5 was meant to provide. Further, Tiede is free to retain counsel of his choosing. Therefore, in the interests of justice and judicial economy, we utilize Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement that DeGeurin file a motion to withdraw and grant the motion to substitute Landers for DeGeurin as attorney of record in this appeal. *See* TEX. R. APP. P. 2.

Additionally, Landers filed on Tiede's behalf a motion seeking an extension of the deadline for filing Tiede's appellate brief in this matter. The brief is currently due December 28, 2016, and Landers seeks to extend that deadline by forty-five days, making the brief due February 13, 2017. We hereby grant the motion for an extension of time and extend the filing deadline by forty-five days from the current deadline of December 28, 2016. The filing deadline will not be extended further absent the demonstration of extraordinary circumstances warranting a further extension.

IT IS SO ORDRED.

BY THE COURT

Date: December 29, 2016